# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

<table>
<tr><td>601 CHRISTIANA INVESTORS, LLC,<br>by way of assignment from Wilmington<br>Savings Fund Society, FSB,<br><br>        Plaintiff,<br><br>        v.<br><br>CHARLES H. GIFFORD, III,<br><br>        Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>C.A. No. N15J-03882</td></tr>
</table>

Submitted: March 22, 2016
Decided: July 12, 2016

Upon Defendant's Motion for Reconsideration of Commissioner's Order Pursuant
to Superior Court Civil Rule 132(a)(3)(ii).

## DENIED.

William D. Sullivan, Esquire, 901 North Market Street, Suite 1300, Wilmington
DE 19801; Mark S. Haltzman, Esquire and Malcolm Gould, Esquire, Silverang,
Donohue, Rosenzweig & Haltzman, LLC, 585 East Lancaster Avenue, Suite 203,
St. David's PA 19087, attorneys for 601 Christiana Investors, LLC

John A. Sergovic, Jr. Esquire, 142 East Market Street, Georgetown, DE 19947,
Attorney for Defendant Charles H. Gifford, III.

**WHARTON, J.**

## ORDER

This 12th day of July, 2016, upon consideration of Defendant Charles H. Gifford's ("Gifford") Motion for Reconsideration of Commissioner's Order Pursuant to Superior Court Civil Rule 132(a)(3)(ii) ("Motion"), Plaintiff 601 Christiana Investors, LLC's ("601 Christiana") Response, and the record in this case, it appears to the Court that:

1. On September 2, 2015, 601 Christiana filed a Rule 58.1 confessed judgment and the Prothonotary entered a "Tentative Confessed Judgment" against Gifford in the principal amount of $4,858,238.99.[1] On October 5, Gifford objected to the entry of judgment by confession and requested that a hearing be scheduled.[2] After motion practice, limited discovery and pre-hearing briefing, a hearing was conducted on February 22, 2016 before a commissioner of this court.[3] At that hearing, the commissioner resolved the two issues contested by the parties in favor of 601 Christiana, ruling that 601 Christiana did have standing to bring this action, and that Gifford knowingly, voluntarily and intelligently waived his rights in connection with the confession

---

[1] D.I. 1.
[2] D.I. 5.
[3] D.I. 45.

of judgment.[4]   The commissioner entered a form of order submitted by 601 Christiana on February 25, 2016.

2.    On March 8, 2016, Gifford submitted a Motion for Reconsideration of Commissioner's Order Pursuant to Superior Court Civil Rule 132(a)(3)(ii).[5] The single argument presented in the Motion is that the commissioner exceeded his authority by entering a case-dispositive order instead of submitting proposed findings of fact and recommendations for disposition to a judge.  601 Christiana opposes the Motion on the ground that the commissioner's order was not case-dispositive since judgment was entered previously on September 2, 2015.[6]

3.    Superior Court Civil Rule 132 sets out the authority of a commissioner to conduct both case-dispositive and non case-dispositive hearings.[7] In case dispositive matters, the commissioner makes proposed findings of fact and recommendations to a judge.[8] In non case-dispositive matters, the commissioner files an order.[9]

4.    The rule also sets out the procedure by which an aggrieved party may

---

[4] D.I. 47.
[5] D.I. 48.
[6] D.I. 50.
[7] Super. Ct. Civ. R. 132(a)(3) and (4).
[8] Super. Ct. Civ. R. 132(a)(4)(i).
[9] Super. Ct. Civ. R. 132(a)(3)(i).

3

seek redress to a judge.[10] In both case-dispositive and non case-dispositive matters, "any party may serve and file written objections to the Commissioner's order which set forth with particularity the basis for the objections."[11] The only difference in the procedures the rules require a litigant to follow is in captioning the objections. In the case of a non case-dispositive matters the objections are entitled "Motion for Reconsideration of Commissioner's Order,"[12] while in the case of case-dispositive matters, the objections are to be captioned "Appeal from Commissioner's Findings of Fact and Recommendations."[13]

5. Whether the matter is case-dispositive or non case-dispositive determines the standard of review of the commissioner's order. In non case-dispositive matters, a judge may reconsider a matter "only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."[14] In case-dispositive matters, a judge reviews *de novo* those portions of the commissioner's report or proposed findings of fact or recommendations to which an objection is

---

[10] Super. Ct. Civ. R. 132(a)(3)(ii) and (a)(4)(ii).
[11] *Id.*
[12] Super. Ct. Civ. R. 132(a)(3)(ii).
[13] Super. Ct. Civ. R. 132(a)(4)(ii).
[14] Super. Ct. Civ. R. 132(a)(3)(iv).

4

made.[15]

6.     Gifford's obligation to raise objections to the commissioner's order is the same whether the matter was case-dispositive or non case-dispositive. Yet, he asserts only a single objection – that the commissioner should have treated the matter as case-dispositive and filed proposed findings of fact and recommendations. Notably, he does not object to the commissioner's factual determination that Gifford waived his rights regarding the confession of judgment freely, knowingly and voluntarily, nor does he object to the commissioner's legal conclusion that 601 Christiana had standing to bring this action.

7.     Whether the commissioner determined a case-dispositive matter or non case-dispositive matter is not a question the Court needs to resolve. In either circumstance, Gifford is not entitled to relief.

8.     If the Court treats the matter as non case-dispositive, the Court applies the standard of review required by Rule 132(a)(3)(iv). In doing so, the Court finds that Gifford's Motion fails for three reasons. First, he has not raised any objections to the actual decisions made by the commissioner with respect to waiver and standing. Second, after reviewing the hearing transcript the Court finds that the

---

[15] Super. Ct. Civ. R. 132(a)(4)(iv).

commissioner's finding of fact that Gifford knowingly, voluntarily and intelligently waived his rights in connection with the confession of judgment is not clearly erroneous. In fact, that factual finding was compelled by the evidence. As recited by the commissioner:

> We have a case of a lawyer, of sophisticated businessmen who entered into these documents with advice of counsel. It's rare that we have the type of documents that I see in the confession-of-judgment cases, but here we have a notarized affidavit from a lawyer stating that Mr. Gifford consulted with a lawyer and had these items explained to him. The evidence is clear, he was represented by counsel, his businesses were represented by counsel, and he had ample opportunity on numerous occasions to consult with them. And, frankly, Mr. Gifford's testimony, you know, we're talking about something six years ago, all but concedes that he read the documents and did consult with a lawyer although he can't recall specifically.

> But in any event, the law is such that it's for the Court to look at the totality of the circumstances to see if the waiver of rights was knowing, intelligent, and voluntary, and everything before me in the record indicates that it was. I have no question whatsoever. The documents themselves are clear. The confession-of-judgment language is bold, it's highlighted, and it clearly spells out what would happen upon default. There's no ambiguity as to the language. It's set apart from the other language in the document so it's readily apparent that this is an important

6

> section and it makes clear to anybody who reads it what it means. So, there's no question in the Court's mind that the standard has been met to show that there was a knowing, intelligent and voluntary of the confession of judgment.[16]

Third, the commissioner's determination that 601 Christiana had standing to bring this action is not contrary to law. The Court finds that the commissioner correctly interpreted Section 6.6 of the business loan agreement to permit the original lender to assign the loan to 601 Christiana.

9. If the Court treats the matter as case-dispositive, Gifford would have the Court vacate the commissioner's order and require the commissioner to submit to a judge the commissioner's proposed findings of fact and recommendations for disposition. The Court sees no point to engaging in that exercise because the commissioner clearly set out his findings of fact and recommendations for disposition in his bench ruling.[17] No purpose, other than delay, would be served by remanding the matter back to the commissioner for the purpose of having him recast his findings of fact and disposition as proposed findings of fact and recommendations for disposition. Instead, the

---

[16] Tr. 109-110.
[17] *Id.* 108-111.

Court will apply the *de novo* standard of review required by Rule 132(a)(4)(iv) to the commissioner's order. Treating the Motion as an appeal from the commissioner's findings of fact and recommendations, the commissioner's order must be affirmed, again, for three reasons. First, Gifford raises no objection to the commissioner's findings of fact as to waiver, nor does he object to the commissioner's conclusion of law as to standing. Second, the Court finds from the record that Gifford knowingly, voluntarily, and intelligently waived his rights pursuant to the confession of judgment based on the same evidence and for the same reasons as the commissioner did. Third, the Court finds that the business loan agreement permitted the original lender to assign the loan to 601 Christiana, again for the same reasons as the commissioner did.

Therefore, Defendant Charles H. Gifford, III's Motion for Reconsideration of Commissioner's Order Pursuant to Superior Court Civil Rule 132(a)(3)(ii) is **DENIED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

8